**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALAN JAMES WATSON, CASH FLOW FINANCIAL LLC and MICHAEL S. POTTS,<br><br>Defendants,<br><br>and<br><br>THE JEDBURGH GROUP,<br>Relief Defendant. | CIVIL ACTION NO.: 11-cv-10949<br><br>Judge Lawrence P. Zatkoff |

**CONSENT ORDER OF PRELIMINARY INJUNCTION WITH ASSET FREEZE**

Plaintiff, the U.S. Commodity Futures Trading Commission (the "Commission"), filed on March 10, 2011, a *Complaint for Injunctive Relief, Civil Monetary Penalties and Other Equitable Relief* ("Complaint") against Alan James Watson ("Watson"), Cash Flow Financial LLC ("CFF"), Michael S. Potts ("Potts") (collectively, "Defendants") and against The Jedburgh Group ("Jedburgh Group" or Relief Defendant), alleging violations of the anti-fraud provisions of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq*. (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq*., and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq*. (2010).

On March 11, 2011, upon the Commission's *Motion for an Ex Parte Statutory Restraining Order, Order for Expedited Discovery and for an Order to Show Cause Why a Preliminary Injunction Should Not Be Entered*, the Court entered a statutory restraining order ("SRO"), without bond, that (a) froze the assets of Defendants and Certain Assets of Relief Defendant as defined in Paragraph 6 of the SRO, (b) appointed a temporary Receiver, (c) required Defendants and the Relief Defendant to provide a full accounting to the Commission and the Receiver, (c) prohibited Defendants and the Relief Defendant from destroying documents, (d) authorized the Commission and the Receiver to immediately inspect and copy books and records, and (e) permitted expedited discovery. Additionally, the Court ordered Defendants to appear before the Court on March 30, 2011, and show cause, if there be any, why an Order for Preliminary Injunction and Other Equitable Relief should not be granted to prohibit further violations of the Act, as amended by the CRA, until pending trial on the merits of this action.

Defendant Potts without admitting or denying the allegations of the Complaint and without waiving his right against self incrimination as provided by the Fifth Amendment to the Constitution of the United States, consents to the entry of this Order of Preliminary Injunction and Other Equitable Relief ("Order"). For the purposes of this Order, Potts waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

As it appears to the Court that there is good cause to believe that Defendants Watson, Potts and CFF have engaged, is engaging in, or is about to engage in violations of the Act, and that this is a proper case for granting a preliminary injunction to preserve the status quo, protect public customers from further loss and damage, and to enable the Commission to fulfill its statutory duties, the Court finds as follows:

**I. Jurisdiction and Venue**

**IT IS HEREBY ORDERED** that:

1. The Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2). Section 6c(a) of the Act authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, in that Defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

**II. Prohibition from Violations of the Act**

**IT IS FURTHER ORDERED** that:

1. Defendant Potts, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Potts, and all persons insofar as they are acting in active concert or participation with Defendant Potts who receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

a. in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or any agreement, contract or transaction in foreign currency that is margined or leveraged ("forex"), made, or to be made, for or on behalf of or with any persons,

(1) cheating or defrauding or attempting to cheat or defraud others; or

(2) willfully deceiving or attempting to deceive other persons by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract, or in regard to any act of agency performed with respect to such order or contract for such persons, in violation of Sections 4b(a)(2)(A) and(C) of the Act as amended by the CRA, to be codified at 7 U.S.C. § 6b(a)(2)(A) and (C);

b. engaging in any activity related to trading in any commodity interest, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), or forex, including but not limited to, the following:

(1) trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

(2) engaging in, controlling, or directing the trading of any commodity interest or forex accounts, whether by power of attorney or otherwise;

(3) soliciting any person or entity in connection with the purchase or sale of any commodity interest or forex contract, accounts for the purchase or sale of commodity interest or forex contracts and/or any system related to the purchase or sale of commodity interest or forex contracts;

(4) placing orders or giving advice, price quotations, or other information in connection with the purchase or sale of commodity interest or forex contracts;

(5) introducing customers or clients to any other person or entity engaged in the business of commodity interest or forex trading; and

(6) engaging in any business activities related to commodity interest or forex trading by or on behalf of others.

**III. Continued Force And Effect Of March 11, 2011 SRO**

**IT IS HEREBY ORDERED** that the mandates of the Statutory Restraining Order ("SRO") entered March 11, 2011, shall continue with respect to Defendant Potts pending further order of this Court. Specifically, Defendant Potts shall abide by all obligations of the SRO subject to his right against self incrimination as provided by the Fifth Amendment to the Constitution of the United States, including those pertaining to the appointed Receiver. The asset freeze applies to all assets under the control of Defendant Potts. The asset freeze does not apply to wages and earnings obtained by Defendant Potts from legitimate legal employment unrelated to the conduct set forth in the complaint after the entry of this Order.

**IV. Service Of Order**

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant Potts that may be subject to any provision of this Order.

**V. Service On The Commission**

**IT IS FURTHER ORDERED** that Defendant Potts shall comply with all electronic filing rules and requirements of the U.S. District Court of the Eastern District of Michigan and shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Allison Baker Shealy, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581, by electronic filing, e-mail, personal delivery or courier service (such as Federal Express or United Parcel Service) and not by regular mail due to potential delay resulting from heightened security and decontamination procedures applicable to the Commission's regular mail.

## VI. Force And Effect

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

/s/ John Freeman
John Freeman

Attorney for Michael S. Potts

Date: March 29, 2011

/s/ Allison Baker Shealy

Allison Baker Shealy, Trial Attorney
U.S. Commodity Futures Trading Commission

Date: March 29, 2011

**SO ORDERED**, on this 30th day of March, 2011.

s/Lawrence P. Zatkoff
Lawrence P. Zatkoff
UNITED STATES DISTRICT JUDGE