UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 11-cv-10949-LPZ-MKM |
| ALAN JAMES WATSON, MICHAEL POTTS and CASH FLOW FINANCIAL LLC, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| THE JEDBURGH GROUP, | ) ) | |
| Relief Defendant | ) | |

_____

## CONSENT MOTION AND MEMORANDUM FOR MODIFICATION OF THE STATUTORY RESTRAINING ORDER

Plaintiff, United States Commodity Futures Trading Commission ("Commission"), with the consent of Defendants Alan J. Watson ("Watson"), Cash Flow Financial LLC ("CFF") and Michael Potts ("Potts") and Relief Defendant the Jedburgh Group, respectfully submits this motion for and memorandum in support of the following modification of the stay of proceedings provisions of Part IV.E.1 of the Court's Statutory Restraining Order ("SRO") dated March 11, 2011 (Doc. #5), a copy of which is attached hereto as **Exhibit A**, and which was incorporated by reference in the Consent Orders of Preliminary Injunction entered by this Court on March 30, 2011 (Doc. #16 – 18), and which is incorporated herein by reference:

1.     Part IV.B.8 of the SRO directs and authorizes Phillip S. Stenger, as Receiver for assets of Defendants Watson, CFF and Potts (collectively "Defendants"), to "[i]nitiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any actions or proceedings in state, federal or foreign court necessary to preserve or increase the assets of the Defendants or to carry out his or her duties pursuant to this Order."

2.     Prior to filing of the captioned enforcement action by the Commission, the following actions were initiated by or on behalf of CFF and/or Watson to recover CFF pool participant funds invested in schemes that turned out to be fraudulent:

      A.     *CFF v. Meyer, et al.*, Case No. 2:09-CV-05002 (E.D.N.Y.);

      B.     *CFF v. Bishop, et al.*, Case No. 09-CV-29 (W.D. Tex.);

      C.     *Watson and CFF v. Blue Diamond Excavation, Inc., et al.*, Case No. 8:10-CV-00459 (C.D. Cal.);

      D.     *Watson and CFF, et al. v. Soldado Corporation, et al.*, Case No. 10-CV-1394 (N.D. Cal.); and

      E.     *Watson and CFF v. McDermott, et al.*, Case No. 34-2010-00070865 (Cal. Superior Court, Sacramento County).

These litigation actions are intended to recover and/or increase the assets of CFF and Watson, and, as such, Part IV.B.8 of the SRO expressly authorizes the Receiver to "compromise, adjust, intervene in, dispose of, or become a party to" these actions.

3.     Part IV.E.1 of the SRO currently provides that:

      E.     Except by leave of the Court, during the pendency of the Receivership ordered herein, the Defendants, Relief Defendant, and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of the Defendants, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

        1.     Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations.

4.     The following modification of Subparagraph E.1, set forth in italics, is sought to clarify that the Receiver, consistent with the direction and authority granted in Part IV.B.8 of the SRO, is exempt from the stay provision of Part IV.E.1:

        1.     Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations, *and except that the Receiver, as provided in Part IV.B.8 above, may, without further Court order, initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to and/or prosecute, either in the name of the Receiver or the name of any of the Defendants, any actions or proceedings in state, federal or foreign courts necessary to preserve or increase the assets of the Defendants or to carry out his or her duties pursuant to this Order.*

5.     The Commission also notes that Part IV.A. of the SRO incorrectly states that Mr. Stenger is a Certified Public Accountant.  Although Mr. Stenger took and passed the examination to become a certified public accountant, he is not licensed as a Certified Public Accountant.  Therefore, the Commission requests that the phrase "and Certified Public Accountant" be stricken from Part IV.A of the SRO.

## <u>CONCLUSION</u>

For the reasons discussed above, the Commission respectfully requests entry of an order so modifying Parts IV.E.1 and IV.A of the SRO.

Respectfully submitted this 2nd day of  May 2011,

/s/ Allison Baker Shealy
ALLISON BAKER SHEALY
(VA 46634; DC 478202)
PAUL G. HAYECK (MA 54815)
JASON MAHONEY (DC 489276)
U.S. Commodity Futures Trading
Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5000
ashealy@cftc.gov
phayeck@cftc.gov
jmahoney@cftc.gov

/s/ Kay Griffith Hammond
KAY GRIFFITH HAMMOND (P37425)
*Attorney for Receiver*
Stenger & Stenger, P.C.
4095 Embassy Drive, S.E., Ste A
Grand Rapids, MI 49546
(616) 988-2230
kay@stengerlaw.com

/s/  John Freeman (w/ permission)
JOHN FREEMAN (P71450)
*Attorney for Defendant Potts*
3150 Livernois, Ste 270
Troy, MI 48083
(248) 250-9950
formerfedlawyer@hotmail.com

/s/ Alan J. Watson (w/ permission)
ALAN J. WATSON
*Pro Se Defendant*

/s/  Harry Wise (w/ permission)
HARRY H. WISE, III
*Attorney for Relief Defendant*
250 West 57th Street, Suite 1316
New York, N.Y. 10107
(212) 810-2430, Ex. 302
HWISELAW.com

/

**SO ORDERED** on this 3RD  day of  May, 2011.

s/Lawrence P. Zatkoff
Lawrence P. Zatkoff
UNITED STATES DISTRICT JUDGE