UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

                                  Case No. 11-10949
                                  Hon. Lawrence P. Zatkoff

v.

ALAN JAMES WATSON, CASH FLOW
FINANCIAL, LLC and MICHAEL S. POTTS,

    Defendants,

and

THE JEDBURGH GROUP,

    Relief Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 3, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant Michael Potts's ("Potts") motion to stay proceedings [dkt 20] and to postpone the time to answer the complaint and comply with the statutory restraining order [dkt 21].  Plaintiff has filed a response to each motion, but Potts has not timely submitted a reply brief for either motion.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED

that the motions be resolved on the briefs submitted. For the reasons set forth below, both motions are DENIED.

## II. BACKGROUND

On March 10, 2011, Plaintiff filed a civil complaint against Defendants Alan James Watson, Potts, and Cash Flow Financial, LLC ("CFF"), seeking injunctive and equitable relief and penalties under the Commodity Exchange Act, as amended, 7 U.S.C. §§ 1–25. The complaint alleges, *inter alia*, that Potts "fraudulently solicited and accepted at least $45 million from more than 600 individuals" and that Potts, "as an unregistered associated person . . . of a [Commodity Pool Operator], failed to disclose material facts to actual and prospective pool participants."

On March 11, 2011, the Court entered a statutory restraining order ("SRO") pursuant to Plaintiff's ex parte motion, which directed Potts to perform certain tasks, including transferring assets to and cooperating with the Court-appointed receiver for CFF. On March 30, 2011, Plaintiff and Potts entered into a consent order for preliminary injunction, in which Potts agreed to abide by the terms of the SRO subject to his Fifth Amendment right against self incrimination.

Potts asserts that pursuant to conversations between his attorney and Assistant United States Attorney ("AUSA") Mark Lytle from the Eastern District of Virginia, Potts believes he is the target of an on-going grand jury investigation. According to Potts, on April 6, 2011, AUSA Lytle outlined evidence he believed would convict Potts if Potts is indicted and proceeds to trial in Virginia. Potts now seeks to stay the civil case before this Court pending the outcome of his impending criminal proceedings, which have not been initiated yet. Potts also requests that he be allowed to postpone his answer to the complaint and compliance with the SRO until 14 days after the Court rules on his motion to stay the proceedings.

### III.  ANALYSIS

**A.  Motion to Stay**

"While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mi. 2007) (citing *Landis v. No. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "Courts are afforded th[e] discretion [to stay proceedings] because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). "A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao*, 498 F. Supp. 2d at 1037 (citations omitted). In determining whether to grant a stay, courts should consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139 (footnotes and citations omitted).

With respect to the first factor—overlap between the civil and criminal cases—Potts has presented insufficient information to conclude that the two proceedings overlap. Potts has not been

3

indicted yet, nor has he filed an answer in this case identifying the facts he believes to be in dispute. Furthermore, Potts has not presented any sworn affidavits setting forth the scope of the anticipated criminal proceedings, and he points to no grand jury subpoenas for himself or others that might further shed light on his request for a stay. Thus, Potts has failed to demonstrate that the anticipated criminal issues overlap with those presented in this case.

With respect to the second factor, it is clear that Potts has not been indicted. While a stay should not be categorically denied due to the lack of an indictment, "courts [generally] recognize that the case for a stay is strongest where the defendant has already been indicted, whereas pre-indictment requests for a stay . . . are usually denied." *See Chao*, 498 F. Supp. 2d at 1038 (citations omitted). Considering the uncertainty surrounding when, if ever, an indictment will be issued and the effect of such a delay on this case, the Court finds that this factor weighs heavily against granting a stay.

With respect to factors three through six, the Court finds that each factor weighs against granting Potts's requested stay. Both Plaintiff and the public, including the 600 individuals who allegedly deposited money with CFF, have a strong interest in the timely resolution of Plaintiff's claims. The Court's interests in efficiency and judicial economy also weigh heavily against granting the stay due to the uncertainty of the criminal proceedings. Moreover, Plaintiff has already agreed in the consent order that Potts may comply with the SRO subject to his right against self incrimination. As Plaintiff points out, the only burden on Potts will be making the decision of whether to assert his Fifth Amendment right against self incrimination when complying with the order. Accordingly, the Court denies Potts's motion to stay the proceedings pending the outcome of the anticipated criminal proceedings against him.

**B. Motion to Postpone Answer/Compliance with SRO**

Potts's answer to the complaint was due on April 8, 2011. On April 7, 2011—one day after filing his motion to stay the proceedings, discussed *supra*—Potts filed a motion to postpone the deadline to answer the complaint and to postpone Potts's compliance with the SRO until 14 days after the Court's ruling on his motion to stay. Potts asserts that answering the complaint without benefit of the Court's ruling on his motion to stay "would put [him] to the Hobson's choice of asserting his Fifth Amendment privilege (and possibly suffer an adverse inference in this civil matter) and defending his civil case."

Under Fed. R. Civ. P. 6(b), the Court may extend the time period for complying when an act must be done within a specified period of time on a showing of good cause, or excusable neglect if the motion has been made after the time period has expired.[1]

First, the Court notes that Potts has failed to demonstrate good cause for an extension of time to answer the complaint. Potts expresses concern over the potential adverse inference of his Fifth Amendment assertions, but he knowingly and voluntarily agreed in the parties' consent order to proceed with this action subject to his Fifth Amendment right against self incrimination. Second, the Court notes that since Potts's duty to comply with the SRO began on March 18, 2011, the Court may grant his requested extension only upon a showing of excusable neglect. Potts's 3-page brief in support of his motion does not address this issue, but given Potts's agreement to comply with the SRO subject to his Fifth Amendment right against self incrimination, the Court finds that Potts has failed to demonstrate that his noncompliance with the SRO was due to excusable neglect. Thus, the Court denies Potts's motion to postpone the deadline to answer the complaint and to postpone his

---

[1] Potts's reference to Fed. R. Civ. P. 6(d) appears to be a typographical error, and the Court will treat his motion as one brought under Rule 6(b).

compliance with the SRO.

## IV. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Potts's motion to stay proceedings [dkt 20] is DENIED.

IT IS FURTHER ORDERED that Potts's motion to postpone the time to answer the complaint and comply with the statutory restraining order [dkt 21] is DENIED.

IT IS FURTHER ORDERED that, in the interests of justice, Potts shall have 10 days from the date of entry of this order to file his answer to Plaintiff's complaint.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 3, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290