IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 11-cv-10949-LPZ-MKM |
| ALAN JAMES WATSON, MICHAEL POTTS and CASH FLOW FINANCIAL LLC, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| THE JEDBURGH GROUP, | ) ) | |
| Relief Defendant | ) | |

## MOTION AND BRIEF TO DEEM FACTS ADMITTED AS AGAINST MICHAEL S. POTTS FOR FAILURE TO COMPLY WITH FED. R. CIV. PRO. 36

Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "CFTC")

hereby moves this Court for an order finding that each request in the Commission's First Request

for Admission of Facts to Defendant Michael S. Potts ("RFA's") is deemed admitted as a matter

of law.

## FACTS

The Commission filed a Complaint against, *inter alia*, Defendant Michael S. Potts

("Potts") on March 10, 2011, asserting that Potts engaged in a transaction, practice, or course of

business that operated as a fraud or deceit upon pool participants in violation of Section 4o(1)(B)

of the Commodity Exchange Act, as amended, 7 U.S.C. § 6o(1)(B) (2006), and for failure to

register as an associated person of a commodity pool operator in violation of Section 4k(2) of the

Act, 7 U.S.C. § 6k(2) (2006).  (Docket No. 1).

On April 6, 2011, Potts filed a Motion to Stay Proceedings.  (Docket No. 20).  On June 3,

2011, the Court denied Potts' Motion and ordered that he file an Answer with the Clerk of the

Court within 10 days.  On June 13, 2011, Potts submitted an Answer to the Complaint.  (Docket

No. 38).

On November 16, 2011, this Court issued a Scheduling Order directing that the parties

move forward and conclude discovery on or before June 15, 2012.  (Docket No. 48).

Thereafter, on February 16, 2012, the Commission propounded discovery on Potts in the

form of a "First Request for Admission of Facts to Defendant Michael S. Potts" pursuant to Fed.

R. Civ. Pro. 36.  *See* Declaration of Allison Baker Shealy, attached hereto as Exhibit 1, and

incorporated by reference.  A true and correct copy of the RFA is attached hereto as Exhibit 2

and incorporated by reference.

Pursuant to Fed. R. Civ. Pro. 36(a)(3) and Rule 6(d), which provides for an additional

three (3) days for documents served via mailing pursuant to Rule 5(b)(2)(C), Potts' response to

the RFA's was due on or before March 20, 2012.  As set-forth in the declaration of the

undersigned counsel, as of the date of this filing, Potts has failed to respond to the RFA's.

## ARGUMENT

Federal Rule of Civil Procedure 36(a)(3) clearly sets forth the timeframe for responding

to requests for admissions and the penalty for failing to do so – any matter not addressed within

the thirty (30) day timeframe is deemed admitted.  *See Lovejoy v. Owens*, 86 F.3d 1156, 1996

WL 287261, at *1-3 (6th Cir. 1996) (table case); *Heller Fin., Inc. v. Pandhi*, 888 F.2d 1391,

1989 WL 136091, at *4 (6th Cir. 1981) (table case)(upholding district court finding that party

had forfeited right to challenge assertions of fact by failing to respond to requests for admission in time); *West Ky. Coal Co. v. Walling*, 153 F.3d 582m 587 (6th Cir. 1946) (matters upon which party had requested admission under Rule 36 were deemed admitted and no further proof was necessary because opposing party "neither specifically denied nor set forth any reasons why it could not truthfully admit or deny the facts concerning which admissions were requested"); *Chambers v. Ingram Cook Co.*, No. 09-14731, 2011 WL 4088681, at *5 (E.D. Mi. Sept. 14, 2011) ("Pursuant to Fed. R. Civ. Pro 36(a)[(3)], a matter is admitted if a party fails to respond to a requesting party's written request to admit within 30 days after being served. A matter admitted is conclusively established in the action at issue.").  A matter deemed admitted is conclusively established for all purposes throughout the course of the litigation.  Fed. R. Civ. Pro. 36(b); *see also Chambers*, 2011 WL 4088681 at *5.

As set forth in the attached declaration, Potts failed to respond to the Commission's RFA's.  Therefore, he should be deemed to have admitted each of the facts set forth in the Commission's RFA's and those facts should be considered conclusively established for the remainder of this case, including for the purposes of any motion for summary judgment filed by the Commission.

**CONCLUSION**

For the foregoing reasons, the Commission respectfully requests that the Court grant the Commission's Motion and enter and Order finding each request set forth in the Commission's First Request for Admissions of Fact to Defendant Michael S. Potts (as attached as Exhibit 2) is deemed admitted by Defendant Potts for all purposes, and grant to the Commission any further and additional relief that the Court deems just and warranted.

3

Respectfully submitted on May 2, 2012,

/s/ Allison Baker Shealy
ALLISON BAKER SHEALY  (VA 46634; DC 478202)
PAUL G. HAYECK (MA 54815)
JASON MAHONEY (DC 489276)
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5000
ashealy@cftc.gov
phayeck@cftc.gov
jmahoney@cftc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2012, 2011, I served **Plaintiff Commodity Futures Trading Commission's Motion To Deem Facts Admitted As Against Michael S. Potts For Failure To Comply With Fed. R. Civ. Pro. 36** via electronic mail upon:

Alan J. Watson
Pro Se Defendant
17176 Merryweather
Clinton Township, MI 48038
Newemail4aj@gmail.com

Michael S. Potts
Pro Se Defendant
P.O. Box 8403
Lancaster, PA 17604
Mspotts1@gmail.com
ms_potts@comcast.net
(Copy also sent via certified U.S. mail, Art. #70112970000053172876)

Kay Griffith Hammond
Attorney for Receiver
Stenger & Stenger, P.C.
4095 Embassy Drive, S.E., Ste A
Grand Rapids, MI 49546
(616) 988-2230
kay@stengerlaw.com

Harry H. Wise, III
Attorney for Relief Defendant The Jedburgh Group
250 West 57th Street, Suite 1316
New York, NY 10107
(212) 810-2430 Ex. 302
hwiselaw@aol.com


                                                    __/s/ Allison Baker Shealy____