UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMODITY FUTURES TRADING
COMMISSION,

       Plaintiff,

v.

ALAN JAMES WATSON, MICHAEL POTTS,
and CASH FLOW FINANCIAL, LLC,

       Defendants,
and

THE JEDBURGH GROUP,

       Relief Defendant.
_____/

Case No. 11-CV-10949

HON. MARK A. GOLDSMITH

**OPINION AND ORDER
(1) ACCEPTING THE REPORT AND RECOMMENDATION DATED DECEMBER 20,
2014 (Dkt. 125), (2) OVERRULING INVESTOR GENITRINI'S OBJECTION (Dkt. 127),
(3) DENYING MARTIN AND GENITRINI'S REQUESTS FOR ADJUDICATION (Dkts.
108, 109), AND (4) GRANTING GRILL'S REQUEST FOR ADJUDICATION (Dkt. 112)**

**I. INTRODUCTION**

On November 25, 2014, the Court issued an order referring the requests for adjudication from Ken Martin (Dkt. 108), Christian Genitrini, on behalf of Sports Dimensions, Inc. ("SDI") (Dkt. 109), and Elizabeth Grill (Dkt. 112) to Magistrate Judge Mona Majzoub for adjudication. See 11/25/14 Order (Dkt. 123). This matter is presently before the Court on the Magistrate Judge's resulting Report and Recommendation ("R&R") (Dkt. 125). In her R&R, the Magistrate Judge recommends that the requests for adjudication from Martin and Genitrini should be denied, and that Grill's request for adjudication should be granted. As a result of granting Grill's request, the R&R indicates the Court should: (i) reduce the Adjusted Net Investor Claim (the

1

"ANIC") attributed to SDI to $190,700.00; (ii) hold the ANIC amount currently attributed to SDI in the name of "Christian Genitrini d/b/a Sports Dimensions, Inc.;" and (iii) increase the ANIC amount of the Joint Claim between Grill and Genitrini to $24,000.00.

On January 9, 2015, Genitrini filed an objection to the Magistrate Judge's R&R (Dkt. 127). Neither Martin nor Grill filed an objection. Receiver Phillip S. Stenger ("Receiver") filed a response to Genitrini's objection (Dkt. 131). Grill also filed a response to Genitrini's objection (Dkt. 134).

The Court has thoroughly reviewed the court file, the R&R, Genitrini's objection, and each subsequent response. For the reasons discussed below, the Court accepts the Magistrate Judge's R&R. The Court denies Martin's request for adjudication (Dkt. 108) and Genitrini's request for adjudication (Dkt. 109), and grants Grill's request for adjudication (Dkt. 112).

## II. STANDARD OF DECISION

As indicated in the R&R, requests for adjudication in this matter are governed by the Investors Claims Procedure adopted by the Court. See 2/24/14 Order (Dkt. 98). The Investor Claims Procedure states that any investor not satisfied with the ANIC determination made by the Receiver has the right to request adjudication from the Court. See Investor Claims Procedure at 18 (Dkt. 98-3). In the event that such a request is made, the Court can refer the matter to a magistrate judge, who must then provide the Court with a Report and Recommendation concerning the matter within 45 days. Id. at 20. Additionally, the Investor Claims Procedure notes that any individual requesting adjudication bears the burden of proof before the magistrate judge. Id.

## III. ANALYSIS

Genitrini's current objection to the R&R is completely unrelated to his initial objection to the Receiver's ANIC calculation regarding his own claim. See 8/25/14 Genitrini Request (Dkt. 109).[1] Indeed, Genitrini does not object to the Magistrate Judge's recommendation that the ANIC for SDI be reduced. Nor does Genitrini oppose the Magistrate Judge's recommendation that the $3,200.00 Genitrini claimed was erroneously omitted from his ANIC not be awarded. Instead, Genitrini objects to the Magistrate Judge's recommendation that the SDI claim should be amended so that the funds are held in the name of "Christian Genitrini d/b/a Sports Dimensions." See Genitrini Obj. at 2 (Dkt. 127); R&R at 10.

Genitrini asserts that, although SDI is currently dissolved, it still files federal and state tax returns every year and still maintains an active bank account. Genitrini Obj. at 2. Genitrini argues that amending the name of the claim to "Christian Genitrini d/b/a Sports Dimensions" would negate the fact that SDI is a valid business entity and, therefore, capable of receiving funds. Id. Genitrini also argues that he is only a five percent owner of SDI, while Lucia Fassetta owns 95 percent of SDI. Id. Thus, Genitrini suggests that he should not receive 100 percent of the Receiver's ANIC assessment with regards to SDI while Lucia Fassetta receives nothing. Id. Instead, Genitrini argues that, should the claim be renamed, it should be called "Lucia Fassetta d/b/a Sports Dimensions," so as to allow Lucia Fassetta to receive the allotted funds. Id.

The Court does not agree. Although Genitrini's objection insists that SDI is still a valid business entity, the Magistrate Judge and Receiver correctly indicate Genitrini fails to provide adequate proof to support such a claim. Genitrini does not provide the Court with any evidence of any of SDI's alleged federal and state tax returns. Likewise, Genitrini does not supply any evidence of recent activity related to the alleged SDI bank account. In short, Genitrini fails to

---

[1] The Court notes that the Receiver is correct in arguing that Genitrini's objection to the Magistrate Judge's R&R was not timely. See 28 U.S.C. §636(b)(1); E.D. Mich. LR 72.1(d)(2). In the interest of justice, however, the Court will address the merits of Genitrini's objection.

provide the Court with any documentation indicating the current existence of SDI. Instead, Genitrini offers one blank, unused, and undated voided check that is allegedly offered to prove SDI is a valid business entity. The Court finds such scant evidence unconvincing.

The Receiver provides evidence that Genitrini was appointed as the President of SDI and was the company's last known registered agent. See Unanimous Written Consent of SDI Directors at 2 (cm/ecf page) (Dkt. 131-1); Admin. Dissolution of SDI at 2-3 (cm/ecf pages) (Dkt. 131-2). As such, the Court agrees with the recommendations of the Magistrate Judge and the Receiver that amending the claim to "Christian Genitrini d/b/a Sports Dimensions" provides the most protection to the dissolved company while still allowing for ease of administering the ANIC distribution with Genitrini.

Finally, the Receiver notes that Lucia Fassetta waived her right to receive any distribution from the receivership. See Fassetta Statement at 2-3 (cm/ecf pages) (Dkt. 131-3). As Fassetta's signed and dated form indicates her intent to receive $0 from the receivership, the Court finds that amending the claim in question to "Lucia Fassetta d/b/a Sports Dimensions" would be inappropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court accepts the recommendation contained in the R&R (Dkt. 125), overrules Genitrini's objection (Dkt. 127), denies Martin's request for adjudication (Dkt. 108) and Genitrini's request for adjudication (Dkt. 109), and grants Grill's request for adjudication (Dkt. 112).

The Court orders that the ANIC for Sports Dimensions, Inc., is reduced to $190,700.00. The Court further orders that the ANIC funds previously held under the name "Sports Dimensions, Inc." will now be held under the name "Christian Genitrini d/b/a Sports

Dimensions, Inc." Lastly, the Court orders that the amount of the Joint Claim related to Grill and Genitrini is increased to $24,000.00.

SO ORDERED.

Dated: March 2, 2015　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2015.

　　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　　Case Manager