## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

COMMODITY FUTURES TRADING )
COMMISSION )
            Plaintiff, )
             ) Case No. 11-cv-10949
v. ) Hon. Mark A. Goldsmith
             )
ALAN JAMES WATSON, MICHAEL POTTS, )
and CASH FLOW FINANCIAL, LLC, )
             )
            Defendants, )
And )
             )
THE JEDBURGH GROUP, )
             )
            Relief Defendant. )
_____)

## ORDER APPROVING RECEIVER'S FINAL REPORT, FINAL ACCOUNTING AND COMPENSATION REQUEST AND CLOSING THE ESTATE

Phillip S. Stenger, in his capacity as Receiver, by and through his attorneys, STENGER & STENGER, P.C., having filed his *Motion and Memorandum for Entry of an Order Approving the Receiver's Final Report, Final Accounting and Compensation Request and Closing the Estate* (the "Closing Motion") (ECF. No. 213),[1] moving this Court to enter an order (the "Closing Order"):

1.    Approving the Receiver's Final Report (ECF No. 212)**;**

2.    Approving the Receiver's Final Accounting (ECF No. 214);

3.     Unfreezing and authorizing consolidation of the Receivership Estate's three bank accounts at Fifth Third Bank, and authorizing and directing the Receiver to transfer the current balances in the CFF Distribution Account (Account No. xxxx2638) and CFF Savings Account (Account No. xxxx2620) into the CFF Operating Account (Account No. xxxx2612);

4.     Approving the Receiver's Compensation Motion No. 24 (ECF No. 211), concurrently filed by the Receiver, in the amount of USD $38,344.81 for the period of October 1, 2018 through February 28, 2019, and authorizing the Receiver to pay that sum from the consolidated CFF Operating Account (Account No. xxxx2612) at Fifth Third Bank;

5.     Approving all distributions made by the Receiver pursuant to the orders of this Court, including the Second Distribution made pursuant to  the Court's Second Distribution Approval Order dated June 21, 2018;

6.     Approving the payment of taxes previously made by the Receiver, and authorizing the Receiver to make any filings with the Internal Revenue Service ("IRS"), state or local authorities which are necessary or incident to closing the Receivership Estate, without necessity of further court orders;

7.     Approving and authorizing the Receiver to hold back a Reserve Fund of approximately USD $69,675.91, comprised of the residual Receivership

---

[1] All capitalized terms shall have the definitions set forth in the Closing Motion.

Estate assets in the consolidated CFF Operating Account (Account No. xxxx2612) at Fifth Third Bank after payment of Compensation Motion No. 24, which Reserve Fund shall be held in trust in the CFF Operating Account as a reserve, pending IRS clearance of the Receivership Estate's open Qualified Settlement Fund tax returns ("Open QSF Returns"); and authorizing the Receiver to file a petition to reopen the Receivership Estate and seek further compensation out of the Reserve Fund if obtaining IRS tax clearance becomes more complicated than the Receiver anticipates, or other issues arise;

8.      Approving and authorizing disgorgement by the Receiver to the Commission, for Commission turnover to the United States Treasury, of the Reserve Fund balance remaining after IRS clearance of the Receivership Estate's Open QSF Returns, and any final expenses that may be incurred in obtaining such clearance, in closing down the Receivership Estate, and responding to other issues, if any, that may arise, without necessity of further court orders;

9.      Authorizing the Receiver to destroy all documents and other records of or related to the Receivership Estate or its current or former properties and assets which are non-essential to winding up the Receivership;

10.    Finding that the Receiver and his Retained Personnel are entitled to rely on all outstanding rules of law and court orders and shall not be liable to anyone for their own good faith compliance with an order, rule, law, judgment or decree; in no event shall the Receiver or his Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or counsel for, accountant for, or consultant to, the Receiver, nor shall the Receiver or his Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that he or they acted or failed to act as a result of misfeasance or a bad faith disregard of their duties; and

11.    Discharging the Receiver; reaffirming this Court's exoneration of the Receiver, his Retained Personnel and their affiliates, consultants and employees, from any liability in connection with the Receivership, and closing the Receivership Estate, subject only to the making of those payments listed above.

The Court, being fully familiar with the background of this matter, having determined that the Commission has agreed to payment of the Receiver's Compensation Motion No. 24 (ECF No. 211), and the Court hereby finding that the requested fees are reasonable and commensurate with the services performed,

and further finding that the Receiver and his Retained Personnel have discharged their duties and responsibilities in good faith.

**WHEREFORE**, in addition to the other findings and conclusions contained in this Closing Order, the Court hereby finds, concludes and orders as follows.

**IT IS ORDERED AND ADJUDGED** that:

A.   The Receiver's Final Report (ECF No. 212) is approved;

B.   The Final Accounting (ECF No. 214) is approved;

C.   The Court unfreezes, and authorizes consolidation of, the Receivership Estate's three bank accounts at Fifth Third Bank, and the Receiver is authorized and directed to transfer the current balances in the CFF Distribution Account (Account No. xxxx2638) and CFF Savings Account (Account No. xxxx2620) into the CFF Operating Account (Account No. xxxx2612);

D.   The Receiver's Compensation Motion No. 24 (ECF No. 211), in the amount of USD $38,344.81, is hereby approved, and the Receiver is authorized and directed to pay that sum from the consolidated CFF Operating Account No. xxxx2612;

E.   All distributions made by the Receiver pursuant to the orders of this Court, including the Second Distribution made pursuant to the Second Distribution Approval Order, are approved;

5

F.    The payment of taxes previously made by the Receiver are approved, and the Receiver is authorized to make any filings with the Internal Revenue Service ("IRS"), state or local authorities which are necessary or incident to closing the Receivership Estate, without necessity of further court orders;

G.    The Receiver is authorized and directed to hold back a Reserve Fund of approximately USD $69,675.91, comprised of the residual Receivership Estate assets in the consolidated CFF Operating Account No. xxxx2612 at Fifth Third Bank after payment of Compensation Motion No. 24, which Reserve Fund shall be held in trust in the CFF Operating Account as a reserve, pending IRS clearance of the Receivership Estate's Open QSF Returns; if obtaining IRS tax clearance becomes more complicated than the Receiver anticipates, or other issues arise, the Receiver is authorized to file a petition to reopen the Receivership Estate and seek further compensation out of the Reserve Fund;

H.    The Receiver is authorized and directed to disgorge to the Commission, for Commission turnover to the United States Treasury, the Reserve Fund balance remaining after IRS clearance of the Receivership Estate's Open QSF Returns, and any final expenses that may be incurred in obtaining such clearance, in closing the Receivership Estate, or in response to other issues, if any arise, without necessity of further court orders;

6

I.      The Receiver is authorized and directed to destroy, but not earlier than 90 days after entry of this Order, all documents and other records of or related to the Receivership Estate or its current or former properties and assets which are non-essential to winding up the Receivership Estate;

J.      The Receiver and his Retained Personnel are entitled to rely on all outstanding rules of law and court orders and shall not be liable to anyone for their own good faith compliance with an order, rule, law, judgment or decree; in no event shall the Receiver or his Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or counsel or accountant for, or consultant to, the Receiver, nor shall the Receiver or his Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that he or they acted or failed to act as a result of misfeasance or a bad faith disregard of their duties; and the Receivership Estate shall indemnify the Receiver and his Retained Personnel harmless from any and all third party claims, demands, liabilities, judgments, losses, damages, actions, causes of action, expenses and costs (including reasonable attorney fees) that the Receiver and his Retained Personnel may incur arising out of or by reason of their duties and responsibilities as Receiver or counsel or accountant for, or consultant to, the Receiver;

K.     The Receiver is hereby discharged, the Receiver and his Retained Personnel and their affiliates, consultants and employees, are hereby exonerated from any liability in connection with the Receivership, and the Receivership is hereby closed, subject only to the making of those payments and filings listed above;

L.     The Closing Motion with all exhibits, and this Closing Order, shall be available to the public at the Clerk of the Court for the United States District Court for the Eastern District of Michigan (Southern Division) for inspection and copying at such Court Clerk's offices during normal business hours by any interested party who wishes to examine the same; provided that the Court Clerk shall provide a copy of the Closing Motion with all exhibits, and this Closing Order to any person requesting the same at such person's cost, subject to such Court Clerk's normal practices, procedures and requirements concerning same; and

M.     The Receiver is further directed to post a copy of the Closing Motion with all exhibits, and this Closing Order on the Receiver's website at www.cffreceiver.com

**SO ORDERED.**

Dated:  July 15, 2019                         s/Mark A. Goldsmith
       Detroit, Michigan                         MARK A. GOLDSMITH
                                        United States District Judge